UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                Plaintiff,        Case No. 18-20605

v.                              Judith E. Levy
                                    United States District Judge

Harold McKinney Jr.,
                                    Mag. Judge R. Steven Whalen

                Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S
MOTION FOR COMPASSIONATE RELEASE [27]**

Before the Court is Defendant Harold McKinney Jr.'s motion for compassionate release from McKean Federal Correctional Institution due to the ongoing COVID-19 pandemic. (ECF No. 27.) For the following reasons, Defendant's motion is DENIED.

On October 30, 2019, the Court sentenced Defendant to sixty months and one days' imprisonment after he plead guilty to one count of Possession with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924 (c), and one count of

Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g). (ECF No. 25).

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (*See id.*) Before a court may grant a motion for compassionate release, the statute requires that the defendant seek administrative relief from the Bureau of Prisons first. *See United States v. Alam*, 960 F.3d 831 (6th Cir. 2020). Specifically,

> (c) The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (1) in any case—
>>
>>> (A) the court, upon motion of . . . the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section n3553(a) to the extent that they are applicable, if it finds that—
>>>
>>>> i) extraordinary and compelling reasons warrant such a reduction.

*Id.* Here, Defendant does not indicate whether he has exercised administrative rights with the BOP. Accordingly, § 3582(c)(1)(A) prohibits the Court from granting Defendant's motion.[1]

---

[1] Defendant does not indicate his COVID-19 vaccination status in his petition. Should Defendant exhaust his administrative remedies and return to this Court with a renewed motion for compassionate release, he should be aware that the Sixth Circuit has "cast doubt on a defendant's ability to meet Section 2852's '"extraordinary and compelling reasons" requirement following their inoculation against COVID-19.'" (*United States v. Sweet*, No. 21-1477. slip op. at 5 (6th Cir. Nov. 18, 2021 (quoting *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021)). Courts in this Circuit have also refused to find extraordinary and compelling medical circumstances when a defendant declines the COVID-19 vaccine. *See, e.g.*, *United States v. Manderfield*, No. 16-20817, 2021 WL 2476577, at *1 (E.D. Mich. June 17, 2021); *United States v. Goston*, No. 15-20694, 2021 WL 872215, at *2 (E.D. Mich. Mar. 9, 2021); *United States v. Macgregor*, No. 15-20093, 2021 WL 1378786, at *1 (E.D. Mich. Mar. 12, 2021); *United States v. Ervin*, No. 14-000195 (M.D. Tenn. Mar. 5, 2021) (Richardson, J.).

The identification of the COVID-19 Omicron variant may not change the Court's analysis on this matter, either. Scientific understanding of this recently identified variant is rapidly developing. *See Classification of Omicron (B.1.1.529): SARS-CoV-2 Variant of Concern*, WORLD HEALTH ORGANIZATION: STATEMENT, https://www.who.int/news/item/26-11-2021-classification-of-omicron-(b.1.1.529)-sars-cov-2-variant-of-concern (Nov. 26, 2021); Apoorva Mandavilli, *Will the Vaccines Stop Omicron? Scientists Are Racing to Find Out*, N.Y. TIMES (Nov. 28, 2021), https://www.nytimes.com/2021/11/28/health/covid-omicron-vaccines-immunity.html. The Sixth Circuit has explained "that a district court abuses its discretion by granting a sentence reduction under Section 3582(a) when the inmate 'largely faces the same risk from COVID-19 as those who are not incarcerated'" after being vaccinated. *Sweet*, No. 21-1477. slip op. at 5 (quoting *Lemons*, 15 F.4th at 751). COVID-19 vaccines are available to all federal prisoners, including Defendant. *See, e.g.*, *Oversight of the Federal Bureau of Prisons: Hearing Before the S. Comm. on the Judiciary*, 117 Cong. (2021) (statement of Michael D. Carvajal, Dir. Fed. Bureau of Prisons), https://www.judiciary.senate.gov/imo/media/doc/BOP%20Director%20-%20%20Written%20Statement%202021-04-15%20SJC%20Hearing%20.pdf. Accordingly, if existing COVID-19 vaccines diminish the health risks of the Omicron

Because Defendant has not fulfilled the exhaustion requirement of 18 U.S.C. § 3582, Defendant's motion is DENIED without prejudice.

IT IS SO ORDERED.

Dated: November 30, 2021      s/Judith E. Levy
Ann Arbor, Michigan     JUDITH E. LEVY
    United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 30, 2021.

    s/William Barkholz
    WILLIAM BARKHOLZ
    Case Manager

---

variant, and these vaccines are available to all federal prisoners, then incarceration itself does not increase the danger of COVID-19 to Defendant. In other words, if COVID-19 vaccines mitigate the potential harm of the Omicron variant, then it would not be an "extraordinary and compelling reason" to grant compassionate release.